# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> vs. § <br> § <br> JAVON YAW OPOKU § <br> aka "Glizzy," § <br> § <br> Defendant. § | Case No. 4:21-cr-350-S2 |

## SENTENCE DATA SHEET

**DEFENDANT:** Javon Yaw Opoku

**CRIMINAL NO:** 4:21-cr-350-S2

**DEFENDANT'S IMMIGRATION STATUS:** USC

**PLEA AGREEMENT:** Pursuant to Rule 11(c)(1)(A) and (B), the Defendant agrees to plead guilty to Count 1 of the Second Superseding Indictment. Further, the Defendant waives his right to appeal and collaterally attack his conviction. The Government will, at the time of sentencing, not oppose the Defendant's request for acceptance of responsibility and if applicable, will move for the third acceptance of responsibility point under U.S.S.G. 3E1.1(a) and (b). In addition, if the Defendant persists in his guilty plea, the Government will move to dismiss any remaining counts of the Second Superseding Indictment at the time of sentencing.

**COUNT ONE:** Conspiracy to Engage in Sex Trafficking of a Minor, 18 U.S.C. § 1594(c) and 1591(a)(1), (b)(2) and (c).

**ELEMENTS:** **Conspiracy to Engage in Sex Trafficking of a Minor – 18 U.S.C. §§ 1594(c) and 1591(a)(1), (b)(2) and (c).**

To prove conspiracy to engage in sex trafficking of a minor in violation of 18 U.S.C. § 1594(c) and 1591 (a)(1), (b)(2) and (c), the United States must prove the following elements:

<u>Conspiracy:</u>

(1)  That the defendant and at least one other person made an agreement to commit the crime of sex trafficking of a minor as charged in the second superseding indictment.

(2)  That the defendant knew the purpose of the agreement and joined in it with the intent to further the illegal purpose.

<u>Sex Trafficking of a Minor:</u>

(1)  The defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means a person;

(2)  In and affecting interstate and foreign commerce;

(3)  Knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe the person had not attained the age of 18 years, and would be caused to engage in a commercial sex act.

**PENALTY:** Any terms of years up to life imprisonment; fine of NMT $250,000.

**SUPERVISED RELEASE** At least five years and up to life (18 U.S.C. 3583(k)); if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation.

**SENTENCING**
**GUIDELINES:**   Advisory

**SPECIAL**
**ASSESSMENT:**   $100 special assessment; additional $5,000 special assessment under the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014.